UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert W. Johnson

    v.                              Case No. 21-cv-1065-SE

Sandra Lea Lynch, Bruce M. Selya, and David J. Barron

**REPORT AND RECOMMENDATION**

Before the court for preliminary review is pro se plaintiff Robert W. Johnson's complaint (Doc. No. 1) and amended complaint (Doc. No. 3),[1] seeking relief in connection with a recent decision issued by a First Circuit panel comprised of the defendants, First Circuit Judges Sandra Lea Lynch, Bruce M. Selya, and David J. Barron.  For the reasons that follow, the district judge should dismiss all of Mr. Johnson's claims and judgment should enter.

Preliminary Review Standard

Mr. Johnson's complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).  After preliminary review, the magistrate judge may recommend to the district judge that the complaint be dismissed because, among other things, the court lacks subject matter jurisdiction, or

---

[1] The court construes Document Nos. 1 and 3 in the aggregate to be the complaint in this case.

the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See LR 4.3(d)(2)(A); see also 28 U.S.C. § 1915(e)(2)(B).  The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted).  In determining whether the complaint has done so, the court accepts well-pleaded factual allegations in the complaint as true and views all reasonable inferences in the plaintiff's favor.  Mehta v. Ocular Therapeutix, Inc., 955 F.3d 194, 205-06 (1st Cir. 2020) (quotation omitted).  The court may also take judicial notice of its own records and the records of sister tribunals.  See Lussier v. Runyon, 50 F.3d 1103, 1114 n.14 (1st Cir. 1995); see also Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019) (explaining the court may consider "not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice").  The court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

On September 3, 2019, Johnson filed a civil complaint in the United States District Court for the District of

Massachusetts and sought to proceed in forma pauperis ("IFP"). See Johnson v. Credit Collection Servs., No. 19-111872-FDS (D. Mass.) ("Johnson I"); see also Johnson v. Credit Collection Servs., No. 19-2168, slip op. at 1 (1st Cir. Dec. 2, 2021) ("Johnson II").  Mr. Johnson filed multiple motions in Johnson I, seeking leave to proceed IFP; the district court in Johnson I declined to grant IFP status to Mr. Johnson.  See, e.g., Johnson I, 2019 U.S. Dist. LEXIS 237471, at *1, 2019 WL 11639551, at *1 (D. Mass. Oct. 17, 2019); see also Johnson II, No. 19-2168, slip op. at 1.  Mr. Johnson's underlying civil complaint was ultimately dismissed by the district court.  See Johnson II, No. 19-2168, slip op. at 1.  Mr. Johnson appealed the Johnson I court's denial of his IFP status to the First Circuit, where a panel consisting of Judges Lynch, Selya, and Barron affirmed the district court.  Id.

In his complaint filed in this court, Mr. Johnson alleges that, in affirming the district court, Judges Lynch, Selya, and Barron engaged in criminal behavior, violated his due process rights, see Doc. No. 1, and improperly denied him relief in light of the "illegal IFP application misinterpretations and other frivolous grounds for dismissal that were mere assumptions and not actual facts founded by Courts," Doc. No. 3.  Mr. Johnson's complaint seeks damages for "denial of default judgment," "failure to award plaintiff merits for errors ordered

by courts," and "abuse of authority & falsifying . . . government documents." Id. (capitalization omitted); see also Doc. No. 1.  Mr. Johnson also seeks to have the First Circuit's decision overturned and for "federal probes & prosecutions for judicial errors" to be initiated.  Doc. No. 3 (capitalization omitted); see also Doc. No. 1.

## Discussion

I.  Request for Review and Reversal

This court does not sit in an appellate capacity over any decision of the First Circuit.  "It is an elementary rule of federal jurisdiction that district courts have strictly original jurisdiction . . . and thus cannot exercise appellate jurisdiction.  Appellate jurisdiction is reserved for the courts of appeals and the Supreme Court." Liviz v. Howard, No. 19-cv-10096-PJB, 2019 U.S. Dist. LEXIS 36440, at *8, 2019 WL 1082403, at *3 (D. Mass. Mar. 4, 2019) (citations omitted).  Mr. Johnson's recourse for errors of law or fact in Johnson II, if any, may lie in a petition for rehearing or rehearing en banc in the First Circuit, see Fed. R. App. P. 35, 40, or in a petition for a writ of certiorari in the U.S. Supreme Court.  See 28 U.S.C. § 1254(1); Sup. Ct. R. 10, 12-14.  Accordingly, the district judge should dismiss his claims seeking review and reversal of the decision in Johnson II.

II. Criminal Prosecution

Mr. Johnson has asked this court to initiate a criminal investigation and prosecution of the defendant judges. A plaintiff, in general, does not have standing to bring claims of criminal misconduct in a civil case. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Accordingly, the district judge should dismiss Mr. Johnson's claims seeking to initiate a court-ordered investigation and to charge the defendants with criminal misconduct.

III. Absolute Judicial Immunity

Mr. Johnson's claims against Judges Lynch, Selya, and Barron individually are barred by the doctrine of absolute judicial immunity. See, e.g., Elias v. Elias, CA 13-11602-JLT, 2013 U.S. Dist. LEXIS 98984, at *12, 2013 WL 3777069, at *4 (D. Mass. July 15, 2013) (holding claims for civil rights violations and torts against defendant judges were "not cognizable because absolute judicial immunity protects judges from acts performed within the scope of their jurisdiction"). It is well-established that adjudicatory functions are cloaked with absolute judicial immunity. See Zenon, 924 F.3d at 616.

"[A]bsolute judicial immunity means not just immunity from damages, but immunity from suit altogether." Id. at 617 n.10 (citing Mireles v. Waco, 502 U.S. 9, 11 (1991)). Under the doctrine of absolute judicial immunity, even if Mr. Johnson is correct that the judges' actions were unfair or even corrupt (claims about which this magistrate judge makes no finding), Mr. Johnson has no recourse against them in this court. See id. at 616-17. As the First Circuit instructs, "[t]he breadth of the protection is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith; its purpose not to buffer bad judges but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Id. at 616 (quotation omitted). "To determine if a judge is entitled to the full protection of the doctrine's deflector shield, the Supreme Court has assessed whether the judge's act was one normally performed by a judge, and whether the parties were dealing with the judge in his or her judicial capacity." Id. (citing Stump v. Sparkman, 435 U.S. 349, 362 (1978)).

   Here, Mr. Johnson's claims against the judges fit squarely within the doctrine of absolute judicial immunity. The complaint challenges the defendants' collective decision as members of the panel that affirmed the denial of his motions for

6

IFP status.  See Doc. Nos. 1, 3.  In doing so, Judges Lynch, Selya, and Barron were acting in their judicial capacity to review and adjudicate his appeal, and such actions are those normally performed by a judge.  Therefore, Mr. Johnson's claims against the judges are barred by absolute judicial immunity, and, accordingly, the district judge should dismiss all of the claims asserted against the defendant judges.

## Conclusion

For the forgoing reasons, the district judge should dismiss this action in its entirety, and judgment should enter, for lack of jurisdiction over Mr. Johnson's claims and the absolute immunity of the defendant judges.  See 28 U.S.C. § 1915(e)(2)(B); LR 4.3(d)(2)(A).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.

Failure to file any objections within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d

554, 564 (1st Cir. 2010). Additionally, any issues not preserved by such objection(s) are precluded on appeal. See id.

_____
Andrea K. Johnstone
United States Magistrate Judge

January 24, 2022

cc: Robert W. Johnson, pro se